UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MADRIGAL BARRAZA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 1:21-cv-00790-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 20, 24) |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Alicia Madrigal Barraza ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will recommend that Plaintiff's

---

[1] [1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

motion for summary judgment be denied and the Commissioner's request to affirm the agency's determination to deny benefits be granted.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on August 19, 2014, and an application for supplemental security income on September 18, 2014. AR 254-55, 256-261.[2] Plaintiff alleged she became disabled on April 24, 2014, due to breast cancer stage 1 invasive ductal carcinoma. AR 274. Plaintiff's applications were denied initially and on reconsideration. AR 103-06, 110-15. Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Sharon Madsen issued an order denying benefits on March 8, 2017. AR 18-32, 38-58. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied. AR 3-7. Plaintiff appealed to the district court, and the decision of the Commissioner was reversed and remanded for further administrative proceedings. AR 1114-19. On March 27, 2019, the Appeals Council remanded the case to an ALJ to offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision. AR 1122-23, 1124.

On May 15, 2020, ALJ Duane Young held a telephonic hearing. AR 985-1033. Plaintiff appeared with her attorney, Jonathan Pena, and testified with the assistance of a Spanish interpreter. Alvin Stein, M.D., an impartial medical expert, and Paul Stanford, an impartial vocational expert, also appeared and testified. AR 955, 987.

On December 17, 2020, ALJ Scot Septer held a telephonic hearing. AR 1034-66. Plaintiff appeared with her attorney, Jonathan Pena, and testified with the assistance of a Spanish interpreter. Dr. Steven Goldstein, an impartial medical expert, and Alina Sala, an impartial vocational expert, also appeared and testified. AR 1034, 1036. ALJ Septer issued an order denying benefits on January 11, 2021. AR 949-74. Plaintiff sought review of that decision, which the Appeals Council denied, making ALJ Septer's decision the Commissioner's final decision. AR 942-46. This appeal followed.

///

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

**Hearing Testimony and Medical Record**

The hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

On January 1, 2021, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 949-74. Specifically, the ALJ found that Plaintiff had engaged in substantial gainful activity in 2018, but there had been a continuous 12-month period in which she had not engaged in substantial gainful activity. The ALJ therefore addressed the period(s) that the Plaintiff did not engage in substantial activity. AR 958. The ALJ identified the following severe impairments: breast cancer, status post mastectomy and chemotherapy; obesity; hypertension; carpal tunnel syndrome; and asthma. AR 958. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 958-59.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. She could lift and carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk and sit for six hours in an eight-hour workday. She could occasionally climb ladders, ropes, and scaffolds, and she could frequently handle with her bilateral upper extremities. She should not work in environments subjecting her to concentrated exposure to respiratory irritants such as gases, dusts, smoke, and/or fumes. AR 959-71. With this RFC, the ALJ found that Plaintiff could perform her past relevant work as Cleaner Housekeeping and Child Monitor. AR 971-72. Alternatively, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, such as mail clerk, ticket taker, and inspector hand packager. AR 972-73. The ALJ therefore concluded that Plaintiff had not been under a disability from April 24, 2014, through the date of the decision. AR 973.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

1 42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**[3]

Plaintiff contends that the ALJ erred by failing to find Plaintiff's hiatal hernia and bilateral foot pain to be severe.  (Doc. 20 at 1.)  Plaintiff also contends that the ALJ erred by failing to develop the record relative to Plaintiff's depression.  (*Id.* at 12.)

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

**A. Step Two**

Plaintiff contends that the ALJ erred at step two by failing to find her hiatal hernia and bilateral foot pain to be severe, resulting in an incomplete RFC assessment. (Doc. 20 at 1, 9-12.)

At step two of the five-step sequential evaluation, the ALJ is required to determine whether a plaintiff has a "severe" medical impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment, or combination of impairments, can be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993). A claimant bears the burden of proving that an impairment is disabling. *Id.* (citation omitted).

"Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill,* 869 F.3d 1040, 1048 (9th Cir. 2017), citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987). "It is not meant to identify the impairments that should be taken into account when determining the RFC . . . . The RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original). Any error in failing to include an impairment at step two is harmless if the ALJ considered any limitations imposed by the impairment in subsequent steps of the analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."); *Morrison v. O'Malley*, No. 1:22-CV-01559-SKO, 2024 WL 21558, at *6 (E.D. Cal. Jan. 2, 2024) (explaining failure to include an impairment in the step two analysis is harmless if the ALJ considers the functional limitations that flow from said impairment in subsequent steps of sequential evaluation).

At step two, the ALJ here determined that Plaintiff suffered from the severe impairments of breast cancer, status post mastectomy and chemotherapy; obesity; hypertension; carpal tunnel syndrome; and asthma. AR 958. The ALJ did not include Plaintiff's hiatal hernia or bilateral foot pain as severe impairments. Nevertheless, any purported error in failing to include Plaintiff's hernia

or bilateral foot pain as severe impairments at step two is harmless because the ALJ considered those impairments and any resulting limitations at subsequent steps of the sequential evaluation.

In particular, when assessing Plaintiff's RFC, the ALJ considered Plaintiff's hernia and bilateral foot pain, including (a) Plaintiff's testimony regarding foot and heel pain, plantar fasciitis and limitations on walking and standing (AR 960, 961); (b) x-ray evidence of heel spurs (AR 965, citing AR 1539 ["X-ray dated November 17, 2019 revealed heel spurs."]); (c) clinical findings and assessments of a hernia, heel spurs, and plantar fibro fasciitis made by Plaintiff's treating physician, Dr Satwant Samrao (AR 962, citing AR 669 [hernia], 691 [hernia], 693-94 [hernia]; AR 963, citing AR 929 [hernia]; AR 965, citing AR 1539 ["Assessment: Plantar fibrofasciitis. Heel spurs."]); and (d) Dr. Samrao's opined restrictions on walking, standing, lifting, bending, stooping, and crouching (AR 962, 967, citing AR 691 ["She should not cough or strain or lift too much weight. It will make hernia worse."]; AR 966 (citing AR 683-86 [Physical Medical Source Statement from Dr. Samrao dated 12/8/2016]); AR 967, citing AR 1410 [Physical Medical Source Statement from Dr. Samrao dated 4/8/19] and AR 1441-43 [same]); AR 967, citing AR 1465-68 [Physical Medical Source Statement from Dr. Samrao dated 12/9/19]); AR 968, citing AR 1594-97 {Physical Medical Source Statement from Dr. Samrao dated 11/20/2020 and AR 1603-06[same]).

As to functional limitations identified by Dr. Samrao related to Plaintiff's physical impairments, including her hernia and foot pain, the ALJ expressly assigned little weight to Dr. Samrao's multiple opinions. AR 968. The ALJ explained that Dr. Samrao's progress notes offered "little in the way of objective findings to support his opinions or his opined level of functional restriction." AR 968. The ALJ also explained that Plaintiff's oncology records showed that Plaintiff had "reportedly done very well, she is active, takes care of her grandchildren, provides childcare in her home, and has been encouraged by her treating oncologists and Dr. Samrao to exercise regularly." AR 969. Additionally, the ALJ indicated that Plaintiff had "not been prescribed strong analgesia, despite Dr. Samrao's report of sufficient pain to interfere with her ability to perform work activities, and any treatment for . . . hernia pain has been minimal, if any." AR 969. Plaintiff has not challenged the ALJ's evaluation of Dr. Samrao's opinions related to Plaintiff's physical RFC.

1    Additionally, in developing Plaintiff's RFC, the ALJ considered the testimony of medical
2 expert, Dr. Alvin Stein, offered at Plaintiff's May 15, 2020 hearing.  Dr. Stein indicated there was
3 evidence in the record of a diagnosis of plantar fasciitis, which was not disabling.  AR 970; *see also*
4 AR 995 ("And the only medical problems I saw later on were plantar fasciitis . . . which is really not a
5 disabling condition.  That's easily treated with certain stretching devices to stretch the plantar fascia . .
6 . and injections in that area, and occasionally they do surgery to cut the tissue and relieve the tension
7 on the bottom of the foot.  So that's not really a disabling problem.")  Dr. Stein opined, among other
8 things, that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, she could
9 stand and sit for six hours in an eight-hour workday, she could occasionally push and or pull with her
10 upper extremities, she could occasionally climb ladders, ropes, or scaffolds, and she could
11 occasionally crawl.  AR 970-71; *see also* AR 998-99.  With the exception of restrictions not relevant
12 here, the ALJ gave significant weight to the opinion testimony of Dr. Stein, determining it was based
13 on a thorough review of the entire record, and supported by an analysis of the medical evidence.  AR
14 971.  Plaintiff has not challenged the ALJ's evaluation of Dr. Stein's opinion.

15    Given that the ALJ considered Plaintiff's hernia and foot pain impairments and any impact
16 those impairments would have when determining an appropriate RFC, the Court concludes that any
17 error in failing to identify those impairments as severe at step two is harmless. *See Kessler v.*
18 *O'Malley*, No. 2:23-cv-01416 AC, 2024 WL 1908078, at *5 (E.D. Cal. May 1, 2024) (finding any
19 error in failing to identify hip impairment as severe at step two to be harmless where ALJ considered
20 the impact the impairment would have when determining an appropriate RFC and considered the
21 recommendations by doctors, the testimony of plaintiff, and the medical records that pertained to the
22 impairment and the impact it caused); *Teague v. Astrue*, No. CV 09-8848 JCG, 2010 WL 5094252, at
23 *5 (C.D. Cal. Dec. 7, 2010) ("Second, even assuming the ALJ erred in overlooking to list prostatitis at
24 step two, any error was harmless because the ALJ, in fact, considered Plaintiff's prostatitis while
25 assessing his limitations," by noting "Plaintiff was 'treated for chronic prostatitis' and 'underwent a
26 cystoscopy and bladder wash in September 2006[,]' ... [and by] further not[ing] that Plaintiff's
27 'symptoms included chronic pelvic discomfort, post void fullness and straining to urinate.'").
28 ///

**B. Duty to Develop the Record**

Plaintiff next argues that the ALJ erred when he failed to exercise his duty to develop the record relative to Plaintiff's depression. Plaintiff faults the ALJ for not obtaining an independent psychological consultative evaluation. (Doc. 20 at 12-13.)

To the extent Plaintiff is challenging the record as incomplete, this issue is not properly preserved for appeal. "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). As the Commissioner points out, Plaintiff was represented by the same counsel at the two administrative hearings in 2020, but her counsel did not allege that the record was incomplete or that Plaintiff should be evaluated by a mental health consultant. Instead, Plaintiff's counsel confirmed that the record was complete. AR 1038 (December 17, 2020 hearing transcript; "ALJ: Okay. And have you had a chance to review the record, Counsel? ATTY: Yes, I have. ALJ: And at this point, do we consider the record to be complete? ATTY: Yes, I do."); AR 989 (May 15, 2020 hearing transcript: "ALJ: Are there any other medical records or documents out there I don't have that I must have before I make a decision? ATTY: No, Your Honor."). Because counsel confirmed that the record was complete, any challenge to the incompleteness of the record is waived. *See Gonzalez v. Kijakazi*, No. 1:21-CV-01676-SKO, 2023 WL 6164086, at *5 (E.D. Cal. Sept. 21, 2023) ("Here, because counsel stated that the record was complete, the issue is not properly preserved for appeal."); *Karl v. Kijakazi*, No. 1:21-cv-01576-SKO, 2023 WL 3794334, at *4–5 (E.D. Cal. June 1, 2023) (finding plaintiff's challenge to incompleteness of the record not properly preserved for appeal where plaintiff represented by counsel at the administrative hearing who expressly stated the record was complete); *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *7 (E.D. Cal. Oct. 28, 2020) (finding plaintiff's challenge to incompleteness of record not properly preserved for appeal where plaintiff represented by counsel at the administrative hearing and specifically stated that the record was complete).

Even if the issue was not waived, Plaintiff has not demonstrated any error warranting remand. Although Plaintiff argues that the ALJ erred by failing to obtain an opinion regarding Plaintiff's mental RFC from a psychological consultative examiner, it is Plaintiff's burden to establish disability.

8

*Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990); 42 U.S.C. § 423(d)(5)(A). ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 416.912(a) ("[Y]ou have to prove to us that you are ... disabled ...."); *Wagner v. Comm'r of Soc. Sec.*, No. 1:22-cv-01566-CDB, 2024 WL 1312214, at *9 (E.D. Cal. Mar. 27, 2024) (acknowledging plaintiff's burden to establish disability); *Sanchez v. Kijakazi*, No. 1:21-cv-00907-ADA-BAM, 2023 WL 4743018, at *5 (E.D. Cal. July 25, 2023), report and recommendation adopted, No. 1:21-cv-00907-ADA-BAM (SS), 2023 WL 5817583 (E.D. Cal. Sept. 7, 2023).

Here, Plaintiff submitted a Mental Residual Functional Capacity Assessment from her treating physician, Dr. Samrao. AR 1469-1471. The ALJ assigned little weight to this opinion, stating:

> I note Dr. Samrao opined on the claimant's depression and anxiety, which he opined was such that the claimant had significant mental limitations, but he did not document a mental status examination, or treat her for depression during her many office visits over the five years reviewed here, and he did not refer her to a mental health professional. Accordingly, while the claimant has recently alleged depression, and her treating physician has opined the claimant has functional limitations based on depression and anxiety, there is no evidence in the medical evidence record that the claimant has been medically diagnosed with or treated for depression and/or anxiety, and there has been no mental status examination documented by Dr. Samrao, and no documented diagnosis of depression or anxiety.

AR 969.

Plaintiff does not forward arguments suggesting that the ALJ's evaluation of Dr. Samrao's opinion was erroneous. Plaintiff argues only that "Dr. Samrao's report in and of itself constitutes a diagnosis of depression." (Doc. 20 at 13.) Yet, Plaintiff does not contend that the ALJ should have adopted Dr. Samrao's opinion. Instead, Plaintiff argues that Dr. Samrao's opinion, combined with statements from Plaintiff's children, made the ALJ "well aware" of the complaints of disabling depression, but the ALJ did nothing to develop the issue. (*Id.*) Plaintiff maintains that the ALJ failed his duty to develop the record relative to the mental health impairment, with Plaintiff finding it "noteworthy that this matter has been pending at the Administration for nearly eight years and yet, no one has requested that Plaintiff undergo psychological consultative evaluation." (*Id.* at 14.)

9

Because it is Plaintiff's burden to present evidence of disability, the mere absence of an opinion from an examining physician does not give rise to a duty to develop the record; rather, that duty is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); *Wagner*, 2024 WL 1312214, at *9-10 (determining absence of opinion from treating or examining physician did not give rise to duty to develop record where record contained opinions of state agency medical consultants, plaintiff's testimony, and plaintiff's complete medical records); *Harrison v. Saul*, No. 1:19-cv-01683-BAM, 2021 WL 1173024, at *5-6 (finding absence of report from treating or examining source did not give rise to duty to develop the record where record contained opinions of state agency physicians and plaintiff's complete treatment records); *Cindy T. v. Kijakazi*, No. 21-cv-00005, 2022 WL 16633010, at *3 (S.D. Cal. Sept. 23, 2022) ("Because it is Plaintiff's burden to present evidence in support of her alleged disability, the mere absence of a report from a treating or examining physician does not give rise to a duty to develop the record.").

In this instance, there is no indication that the record was ambiguous or inadequate to allow for proper evaluation. The record in this case is extensive. It included Plaintiff's testimony at multiple hearings in 2020, treatment records spanning from 2014 through 2020, Dr. Samrao's opinion regarding Plaintiff's mental limitations, statements from Plaintiff's children, and medical expert testimony, which addressed both Plaintiff's complaints of depression and Dr. Samrao's opinion, all of which were summarized by the ALJ. AR 960-66, 969-70, 970-71. And, as counsel confirmed at both hearings in 2020, the record included Plaintiff's complete treatment records. AR 989, 1038. There is no indication that the record was inadequate or ambiguous, such that it triggered the ALJ's duty to further develop the record. Absent any inadequacy or ambiguity, the ALJ was not required to request a consultative examination. *See*, *e.g.*, *LeBeouf v. Saul*, No. 1:19-cv-00201-BAM, 2020 WL 5702240, at *10-11 (E.D. Cal. Sept. 24, 2020) (concluding ALJ was not required to request a consultative examination in part because the "record contained what appears to be Plaintiff's complete treatment records, which supported the ALJ's finding and did not present an ambiguity or inadequacy");

*Gonzalez*, 2023 WL 6164086, at *6 (finding ALJ had no duty to develop the record further where counsel conceded at the hearing that record contained plaintiff's complete treatment records and no gaps or inconsistencies were noted); *accord Findley v. Saul*, No. 1:18-cv-00341-BAM, 2019 WL 4072364, at *6 (E.D. Cal. Aug. 29, 2019) (finding ALJ not obligated to further develop the record where counsel stated at the hearing that the record was complete).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 20) be denied;
2. The Commissioner's request to affirm the agency's decision (Doc. 24) be granted; and
3. The Clerk of the Court be directed to enter judgment in favor of Defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Alicia Madrigal Barraza.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2024**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE