UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MADRIGAL BARRAZA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 1:21-cv-0790 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S REQUEST TO AFFIRM; AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT FRANK BIGSIGNANO, COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF ALICIA MADRIGAL BARRAZA<br>(Docs. 20, 24, 26) |

Alicia Madrigal Barraza initiated this action seeking judicial review of a final decision denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (*See* Docs. 1, 20.) Plaintiff contends that the ALJ erred by: (1) finding at step two that her hiatal hernia and bilateral foot pain were not severe impairments and (2) not developing the record related to her depression. (Doc. 20 at 9-14.)

The assigned magistrate judge found that "any purported error in failing to include Plaintiff's hernia or bilateral foot pain as severe impairments at step two is harmless because the ALJ considered those impairments and any resulting limitations at subsequent steps of the sequential evaluation." (Doc. 26 at 5-6.) The magistrate judge determined that because the ALJ

---

[1] Frank Bisginano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as the defendant in this action.

1    considered the identified impairments— "and any impact those impairments would have when
2    determining an appropriate RFC"— Plaintiff did not identify any error warranting remand. (*Id.*,
3    citing *Kessler v. O'Malley*, 2024 WL 1908078, at *5 (E.D. Cal. May 1, 2024); *Teague v. Astrue*,
4    2010 WL 5094252, at *5 (C.D. Cal. Dec. 7, 2010).)  Next, the magistrate judge found that to the
5    extent Plaintiff challenges the record as incomplete, the "issue is not properly preserved for
6    appeal" because at the hearing, Plaintiff was represented by counsel, who indicated the record
7    was complete. (*Id.* at 8.)  The magistrate judge determined that even if Plaintiff did not waive the
8    issue, there was "no indication that the record was ambiguous or inadequate to allow for proper
9    evaluation" of Plaintiff's mental impairments, as required to trigger the duty to develop the
10   record. (*Id.* at 10.)  The magistrate judge observed the record included, and the ALJ considered,
11   an opinion from Plaintiff's treating physician concerning Plaintiff's mental impairments and
12   treatment notes that "addressed … Plaintiff's complaints of depression." (*Id.*)  Thus, the
13   magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, affirm
14   the administrative decision, and enter judgment in favor of the Commissioner. (*Id.* at 11.)

15          Plaintiff filed objections to the Findings and Recommendations, asserting the Court
16   should reject the findings of the magistrate judge.  (Doc. 27.)  Plaintiff contends the magistrate
17   judge "did not provide[] any rationale to support the conclusion that the medical evidence does
18   not 'clearly establish' Plaintiff's bilateral plantar fasciitis and heel spurs to be non-severe." (*Id.* at
19   2.)  Plaintiff acknowledges the ALJ cited evidence concerning her plantar fasciitis and heel spurs,
20   but maintains the ALJ did not address limitations caused by her combined impairments. (*Id.* at 3;
21   *see also id.* at 3-6.)  Plaintiff also argues that "whether the issue was 'complete' is not the issue,"
22   and instead the issue is that the record was "inadequate to allow for proper evaluation of the
23   evidence." (*Id.* at 6.)  Plaintiff contends that counsel "affirming that all existing medical evidence
24   has been submitted, does not mean that the record is 'adequate to allow for proper evaluation of
25   the evidence.'" (*Id.*)  According to Plaintiff, "she presented evidence of disabling [mental]
26   impairment" and the ALJ had "the duty to develop the record to assure that there is sufficient
27   evidence to evaluate the impairments." (*Id.* at 7.)  Plaintiff maintains there is a gap in the record
28   concerning her mental impairments, similar to a gap "contemplated by the same case cited by the

1   Magistrate." (*Id.* at 8, citing *Gonzalez v. Kijakazi*, No. 1:21-CV-01676-SKO, 2023 WL 6164086,
2   at *6 (E.D. Cal. Sept. 21, 2023).) Plaintiff contends that because there was not a consultative
3   examination concerning her mental impairments, remand is warranted for such to be obtained.
4   (*Id.* at 8-9.) The Commissioner filed a response to the objections, asserting the Court should
5   adopt the recommendations. (Doc. 28.)

6         As an initial matter, as the magistrate judge observed, the Ninth Circuit determined that
7   "when claimants are represented by counsel, they must raise all issues and evidence at their
8   administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111,
9   1115 (9th Cir. 1999). Toward this end, because it is undisputed that Plaintiff did not raise the
10  need of a consultative mental examination, such an argument was waived. *See, e.g., Shaibi v.*
11  *Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018) (finding failure by counsel to raise an issue in the
12  administrative proceedings results in "the claimant forfeit[ing] such a challenge on appeal"); *King*
13  *v. Comm'r of Soc. Sec.*, 2024 WL 1257331, at *7 (E.D. Cal. Mar. 25, 2024) (finding a plaintiff
14  waived the argument that a consultative examination was required where counsel "fail[ed] to raise
15  the issue before the ALJ or the Appeals Council"); *Brandon G.M. v. Kijakazi*, 2022 U.S. Dist.
16  LEXIS 95848, at *10 (C.D. Cal. May 26, 2022) (holding a claimant waived an argument that the
17  ALJ was required to order a consultative examination "by failing to request a consultative
18  examination during the administrative proceedings"); *Hahn v. Berryhill*, 2017 WL 2927151, at *4
19  (D. Or. June 30, 2017) ("Plaintiff, by not raising the issue before the ALJ, waived any challenge
20  to the ALJ's failure to develop the record further by ordering a comprehensive physical
21  examination.") Consequently, Plaintiff is now unable to claim the ALJ had a duty to develop the
22  record or obtain a consultative examination concerning her mental impairments.

23        Moreover, even in *Gonzalez*, which Plaintiff suggests in her objections "contemplated" a
24  similar gap in the record, this Court found that Plaintiff failed to show the ALJ had a duty to
25  develop the record. *See Gonzalez*, 2023 WL 6164086, at *6. The Court explained that "[t]he
26  record contained [Gonzalez's] complete treatment records, as counsel conceded at the hearing [],
27  and no 'gaps' or inconsistencies were noted." *Id.* (citation omitted). The magistrate judge found
28  Gonzalez did not show the ALJ had a duty to develop the record. *Id.* Similarly, here, Plaintiff

1 does not show that the raised the issue of needing a mental consultative examination before the
2 ALJ, and Plaintiff fails to show the record was inadequate or ambiguous.

3 Plaintiff also fails to show the ALJ committed harmful error at step two. The inquiry at
4 step two is a *de minimus* screening "to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d
5 1273, 1290 (9th Cir. 1996). However, any error from finding specific impairments are not severe
6 may be harmless when step two is resolved in the claimant's favor. *Burch v. Barnhart*, 400 F.3d
7 676, 682 (9th Cir. 2005). Although Plaintiff contends the magistrate judge erred by not
8 addressing the lack of evidence to support the determination that Plaintiff's hiatal hernia and
9 bilateral foot impairments were not severe, the magistrate judge determined that *even assuming*
10 the ALJ erred at step two with this finding, such error was harmless. (*See* Doc. 26 at 5-7.) As the
11 magistrate judge found, because the ALJ considered evidence concerning these impairments and
12 their resulting limitations to determine the residual functional capacity—including medical
13 opinions, treatment records, and Plaintiff's own testimony concerning her pain— Plaintiff fails to
14 show prejudice and any such error was harmless. *See Burch*, 400 F.3d at 682; *Buck v. Berryhill*,
15 869 F.3d 1040, 1049 (9th Cir. 2017) (finding where the ALJ resolved step two in the claimant's
16 favor and constituted with the sequential analysis, the claimant "could not possibly have been
17 prejudiced" and "[a]ny alleged error is therefore harmless and cannot be the basis for a remand");
18 *see also Kessler v. O'Malley*, 2024 WL 1908078, at *4-5 (E.D. Cal. May 1, 2024) (finding any
19 error by the ALJ at step two was harmless because the ALJ considered the claimant's testimony
20 and medical records related to his identified impairment).

21 According to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of the case.
22 Having carefully reviewed the entire matter— including Plaintiff's objections and the
23 Commissioner's response thereto—the Court concludes the Findings and Recommendations are
24 supported by the record and proper analysis. Thus, the Court **ORDERS**:

25     1.    The Findings and Recommendations (Doc. 26) are **ADOPTED**.
26     2.    Plaintiff's motion for summary judgment (Doc. 20) is **DENIED**.
27     3.    Defendant's request to affirm the administrative decision (Doc. 24) is **GRANTED**.
28     4.    The Clerk of Court is directed to enter judgment in favor of Defendant Frank

Bisginano, Commissioner of Social Security, and against Plaintiff Alicia Madrigal Barraza, and to close this case.

IT IS SO ORDERED.

Dated:  **June 12, 2025**

_____
UNITED STATES DISTRICT JUDGE